

June 18, 2025

**Via ECF, Courtesy Copy via Email**

Honorable Andrew L. Carter
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 435
New York, NY 10007
ALCarterNYSDChambers@nysd.uscourts.gov

Re:  ShoulderTap Technologies, Inc. v. Fizz Social Corp. (1:25-cv-01487-ALC)
     **Request for Pre-Motion Conference**

Dear Judge Carter:

Defendant Fizz Social Corp. ("Fizz Social") previously filed a motion to dismiss pursuant to FRCP 12(b)(6) (ECF 42), in response to which Plaintiff filed a First Amended Complaint ("FAC") on June 4, 2025 (ECF 44).  If Rule 2.D.i of Your Honor's Individual Practice applies to the FAC, Fizz Social respectfully submits this letter to inform the Court that Fizz Social intends to file a motion to dismiss the FAC and requests that the Court set a briefing schedule.  However, if Rule 2.D.i does not apply, Fizz Social respectfully requests either a pre-motion conference regarding its planned motion to dismiss the FAC pursuant to FRCP 12(b)(6) or leave to file such motion.

As explained in Fizz Social's first pre-motion letter (ECF 33), this case is principally a Lanham Act claim based on ShoulderTap's contention that Fizz Social has infringed its FIZZ mark.  Fizz Social's pre-motion letter and motion to dismiss ShoulderTap's original complaint[1] (ECF 33 and 42) further explained why it is implausible that the parties' intended consumers would confuse the origin, affiliation, or sponsorship of the companies' commercial offerings.

Rather than oppose Fizz Social's motion, ShoulderTap opted to file the FAC under FRCP 15.[2]  ECF 44.  ShoulderTap's amendments, however, do not cure the fundamental deficiencies inherent in its trademark infringement claim.  Thus, like with Fizz Social's first motion to dismiss, the *Polaroid* factors—and particularly the lack of proximity between the parties' offerings and dissimilarity of the parties' marks—support dismissal of the FAC with prejudice, as no amount of artful pleading can cure the deficiencies in the FAC.

---

[1] The original complaint included claims for common law trademark infringement under 15 U.S.C. § 1125(a), common law unfair competition under Pennsylvania law, and unjust enrichment.  This matter was originally filed in the Eastern District of Pennsylvania to this Court, but was transferred to this Court on February 12, 2025.  ECF 18.

[2] The FAC now includes five claims for relief, consisting of: (a) unfair competition under 15 U.S.C. § 1125(a); (b) infringement of ShoulderTap's now registered "Fizz mark" under 15 U.S.C. §§ 1114, 1125(a); (c) cybersquatting under §15 U.S.C. § 1125(d); (d) unfair competition under New York law; and (e) unjust enrichment.

Honorable Andrew L. Carter
June 18, 2025
Page 2

**<u>The FAC Fails to State a Claim of Likelihood of Confusion under the *Polaroid* Test.</u>**

The key question in any action for trademark infringement is whether "there is any likelihood that an appreciable number of ordinarily prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods in question." *Savin Corp.* v. *Savin Grp.*, 391 F.3d 439, 456 (2d Cir. 2004).[3]  In determining whether there is consumer confusion under the Lanham Act, courts in the Second Circuit apply the "*Polaroid* balancing test," which weighs eight factors identified in *Polaroid Corp. v. Polaroid Elecs. Corp.*, 287 F.2d 492 (2d Cir. 1961).  The application of the *Polaroid* factors "is not mechanical, but rather, focuses on the ultimate question of whether, looking at the products in their totality, consumers are likely to be confused."  *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 197, 115 (2d Cir. 2009).  And to support a finding of infringement, there must be a probability, not mere possibility, of confusion.  *Nora Beverages, Inc. v. Perrier Group of America, Inc.*, 269 F.3d 114, 121 (2d Cir. 2001).

The list of *Polaroid* factors is not exhaustive and generally no one factor is dispositive.  *See e.g., Int'l Info. Sys. Sec. Certification Consortium, Inc. v. Sec. Univ., LLC*, 823 F.3d 153, 160 (2d Cir. 2016).  However, the proximity of the parties' products (and their competitiveness with one another) as well as the similarity of the parties' marks are considered to be two of the most important *Polaroid* factors.  *See BYC, Inc. v. Broken Yolk*, 2022 WL 16700278, at *2 (W.D.N.Y. Nov. 3, 2022)); *Malletier v. Burlington Coat Factory Warehouse Corp.*, 426 F.3d 532, 537 (2d Cir. 2005)).  Here, both factors strongly militate against any likelihood that potential consumers are likely to be confused.

With respect to commercial proximity, the factor applies "to both the subject matter of the commerce in which the two parties engage and the geographic areas in which they operate." *Guthrie Healthcare Sys. v. ContextMedia, Inc.*, 826 F.3d 27, 39 (2d Cir. 2016).  Here, the parties' goods and services do not involve the same "subject matter of commerce" inasmuch as they do not serve the same function nor are they complementary.  Fizz Social offers a <u>social media</u> platform and app that provides college students a forum in which they can post, discuss, share details about and coordinate campus life and events, including anonymously.  FAC, at Exh. B, p. 2.  By contrast, ShoulderTap claims to be "first and foremost a <u>personal finance</u> mobile application" that promotes credit tracking and financial literacy.  FAC, ¶ 9 (emphasis added).  Although both parties may offer mobile apps (as do many businesses in the 21st century), they do not operate within the same industry and most certainly do not compete with another, which precludes the likelihood that potential consumers will be confused.  *See, e.g., O'Keefe v. Ogilvy & Mather Worldwide, Inc.,* 590 F. Supp. 2d 500, 522–23 (S.D.N.Y. 2008) (claim failed where it could not "plausibly be said that the parties here used their marks in the same 'industry' or in any fields that are even remotely related").  Indeed, even after amending its complaint, ShoulderTap has not identified a single instance of actual confusion among potential <u>consumers</u> of its services.

 Regarding the similarity of the marks *Polaroid* factor, the Court should assess the overall impression of the marks as they appear in the context of the marketplace.  *Louis Vuitton Malletier v. Dooney & Bourke, Inc.,* 454 F.3d 108, 117 (2d Cir. 2006).  Although ShoulderTap and Fizz Social employ the

---

[3] A claim for trademark infringement under the Lanham Act also requires that a plaintiff allege facts sufficient to establish that it owns a valid mark entitled to protection.  For purposes of this letter request, Fizz Social addresses only ShoulderTap's failure to adequately plead likelihood of confusion and reserves its rights as to that element.

Honorable Andrew L. Carter
June 18, 2025
Page 3

term "fizz" in their products and services, the look and feel of their marks are starkly different. ShoulderTap's mark (left) displays the word "fizz" in lower case or with an initial capitalization only. Fizz Social's mark (right) is notably different in font and branding. Unlike ShoulderTap, Fizz Social uses all upper case lettering in its logo.



The main tab in Fizz Social's app's main tab is titled "Fizzin," a reference to the social media platform always keeping tabs on the dynamic ideas and information percolating on campus. *Id.*

ShoulderTap's remaining claims for relief should be dismissed for the same reasoning as the trademark infringement claim. The New York common law cause of action for unfair competition is premised on the same alleged conduct as ShoulderTap's Lanham Act claim. FAC, ¶¶ 72-73. Courts in the Second Circuit have consistently held that where both claims are based on the same facts, New York unfair competition claims rise or fall with the Lanham Act. *See, e.g., Int'l Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 53 (2d Cir. 2022). Similarly, claims for unjust enrichment under New York state law will not survive a motion to dismiss where the unjust enrichment claim is duplicative of other causes of action. *Bermudez v. Colgate-Palmolive Company*, 667 F. Supp. 3d 24, 45-46 (S.D.N.Y. 2023). Here, ShoulderTap's unjust enrichment claim is based on its allegations in support of its trademark infringement claim. FAC, ¶ 78.

ShoulderTap's new count for cybersquatting under the ACPA is based on Fizz Social's adoption of the fizz.social and fizzsocial.app domain names and related social media handles. However, "[t]he ACPA is not an all-purpose tool designed to allow the holders of distinctive marks the opportunity to acquire any domain name confusingly similar to their marks." *Gioconda Law Grp. PLLC v. Kenzie*, 941 F. Supp. 2d 424, 437 (S.D.N.Y 2013). Rather, an ACPA claim must be based on allegations that a defendant "perpetrated the core activities that threaten to result in the paradigmatic harm that the ACPA was enacted to eradicate," which is, "the proliferation of cybersquatting — the Internet version of a land grab." *Lewittes v. Cohen*, 2004 WL 1171261, at *8 (S.D.N.Y. May 26, 2004) (citation and internal quotation marks omitted). Accordingly, where "the allegations in the Complaint regarding the defendants' use of the domain name simply show another aspect of the alleged trademark infringement, rather than an attempt to profit specifically from 'squatting' on the domain name with bad faith," an ACPA claim must be dismissed. *Kaplan, Inc. v. Yun*, 16 F. Supp. 3d 341, 351 (S.D.N.Y. 2014). Fizz Social adopted its first FIZZ-formative social media handle for Stanford University (https://www.instagram.com/fizzstanford/) in January 2022—three months before ShoulderTap began marketing on college campuses and nine months before ShoulderTap launched its app. The selection of the FIZZ-formative domain names and social media handles is not indicative of any bad faith Internet land grab.

Honorable Andrew L. Carter
June 18, 2025
Page 4

Based on the foregoing, Fizz Social respectfully requests a pre-motion conference to seek leave to file its motion to dismiss the FAC, or leave to file such a motion.

Respectfully submitted,

*/s/ Vijay K. Toke*

Vijay K. Toke