**pillsbury**

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Amanda H. Freyre
tel: 212.858.1181
amanda.freyre@pillsburylaw.com

June 23, 2025

**VIA ECF AND EMAIL**
Hon. Andrew L. Carter, Jr.
Southern District of New York
40 Foley Square
New York, NY 10007
ALCarterNYSDChambers@nysd.uscourts.gov

> Re:  *ShoulderTap Technologies, Inc. d/b/a Fizz v. Fizz Social Corp.*, 1:25-cv-01487-ALC

Dear Judge Carter:

We write on behalf of ShoulderTap Technologies, Inc. ("Fizz") in opposition to Defendant Fizz Social Corp.'s ("FSC") request for a pre-motion conference concerning its planned motion to dismiss Fizz's complaint (the "Complaint" or "Compl."). FSC's effort to further delay the litigation while it infringes Fizz's trademark (the "Fizz Mark") should be denied, and the parties should proceed directly to discovery.

I.    Factual Background

FSC, originally operating as "Buzz," rebranded to "Fizz" in January 2022, *after* Fizz filed its trademark application for the Fizz Mark with a priority date of December 2, 2021. FSC's confusingly similar product is marketed to the same exact demographic, using the same channels, under an identical name. ECF No. 44 ("Compl.") ¶¶ 31, 51. This overlap has resulted in widespread actual confusion, including mistaken complaints, law enforcement inquiries, and reputational harm directed at Fizz and the Fizz Mark. *Id.* ¶¶ 37-41. Despite Fizz's request that it rebrand, *id.* ¶ 46, FSC has continued its use of the Fizz Mark since the pendency of this litigation.

II.    The Complaint Adequately Pleads Likelihood of Consumer Confusion

"Likelihood of confusion is a fact-intensive analysis that ordinarily does not lend itself to a motion to dismiss." *Pulse Creations, Inc. v. Vesture Group, Inc.*, 154 F. Supp. 3d 48, 55 (S.D.N.Y. 2015) (citation omitted). Nevertheless, FSC argues that the Complaint fails to allege likelihood of consumer confusion, which, in addition to the mark's entitlement to protection, is one of two elements of a trademark infringement claim. Such allegations are assessed using the *Polaroid* factors. "These factors are: (1) the strength of the trademark, (2) similarity of the marks, (3) proximity of the products and their competitiveness with one another, (4) the likelihood that the plaintiff will 'bridge the gap' between the two markets, (5) evidence of actual consumer

confusion, (6) evidence that the imitative mark was adopted in bad faith, (7) the quality of the defendant's product, and (8) sophistication of consumers in the relevant market." *Googly Eye Cru, LLC v. Fast Retailing USA, Inc.*, No. 24-cv-3709, 2025 WL 692125, at *3 (S.D.N.Y. Mar. 4, 2025) (denying motion to dismiss). Spuriously, FSC argues consumer confusion is implausible because the second factor (similarity of the marks), and the third factor (proximity of the products) preclude discovery altogether. ECF No. 46 at. 2-3. Tellingly, FSC does not address the fifth factor (actual confusion).

FSC is wrong to assert it is implausible that Fizz's app, marketed to college students, could be confused with FSC's app, also marketed to college students, under an identical name. As FSC's own case notes, "[t]here can be no more positive or substantive proof of the likelihood of confusion than proof of actual confusion. Moreover, reason tells us that while very little proof of actual confusion would be necessary to prove the likelihood of confusion, an almost overwhelming amount of proof would be necessary to refute such proof." *Savin Corp.* v. *Savin Grp.*, 391 F.3d 439, 459 (2d Cir. 2004) (*quoting World Carpets, Inc. v. Dick Littrell's New World Carpets*, 438 F.2d 482, 489 (5th Cir. 1971). At the motion to dismiss stage, Fizz's allegations of actual confusion are taken as true, yet FSC's letter simply declines to take them at all. Instead, FSC erroneously states that "ShoulderTap has not identified a single instance of actual confusion among potential _consumers_ of its services," even though the Amended Complaint lists several. ECF No. at 2 (emphasis in original). However, Paragraph 37 of the Amended Complaint states that "Confusion from consumers has continued even since the initial complaint was filed last year," and provides several examples of potential consumers—i.e., college students—who have confused the two apps. Moreover, "Fizz has no way of knowing how many Fizz customers or potential customers are reaching out to FSC due to their confusion." Compl. ¶ 41; *see also Savin Corp.*, 391 F.3d at 459 ("It is black letter law that actual confusion need not be shown under the Lanham Act, since actual confusion is very difficult to prove and the Act requires only a likelihood of confusion as to source.") (international citation and brackets omitted).

As to the *Polaroid* factors that FSC actually addresses, the marks are sufficiently similar to cause confusion. While there are visual differences between the marks, a focus on "the design elements of the logos ignore[s]…that the marks at issue are allegedly service marks that do not appear on product packaging and are meant to be heard as well as seen." *MidCap Business Credit, LLC v. Midcap Financial Trust*, No. 22-713, 2022 WL 17175400, at *2 (2d Cir. Nov. 23, 2022) (summary order). In conversations among market participants for both products (college students), the mark will be written, heard, texted, and searched online as "fizz." *See Louis Vuitton Malletier v. Burlington Coat Factory Warehouse Corp.*, 426 F.3d 532, 538 (2d Cir. 2005) ("the Lanham Act requires a court to analyze the similarity of the products in light of the way in which the marks are actually displayed in their purchasing context."). Each mark only has one word, and that word is identical in both marks; courts have found adequate pleading of similarity based on less. *See, e.g.*, *Offerup Inc. v. Ramtin Software Solutions, LLC*, No. 23-cv-6014 (RPK) (CLP), 2024 WL 4362512, at *6 (E.D.N.Y. Sept. 30, 2024) (finding sufficient similarity of "OfferUp" and "Offeria" logos because "the Second Circuit has repeatedly warned against over-reliance on [the] sort of side-by-side comparison" of logos for which FSC advocates). As a result, particularly at the pleading stage, the marks are plausibly similar for trademark protection.

Fizz also adequately pleads competitive proximity. "The purpose of the inquiry, which considers both market proximity and geographic proximity, is 'to determine whether the two products have an overlapping client base that creates a potential for confusion.'" *A&E Television Networks, LLC v. Big Fish Entertainment, LLC*, 2023 WL 4053871, at *18 (E.D.N.Y. June 16, 2023) (quoting *Brennan's, Inc. v. Brennan's Rest., LLC*, 360 F.3d 125, 134 (2d Cir. 2004). As admitted in its first request for a pre-motion conference, Fizz and FSC "both currently focus on college students," so the inquiry could end there. ECF No. 33 at 2; *see also Star Indus. v. Bacardi & Co.*, 412 F.3d 373, 375 (2d Cir. 2005) (products sold to same consumers in close location to one another are in competitive proximity). Setting aside that whether or not the products demonstrate consumer proximity is a question of fact, the two products are demonstrably closely related. *See* Compl. ¶ 24 (parties market their products to the same consumers using the same methods).

III.   The Complaint Adequately Pleads Cybersquatting

FSC's other arguments fair no better. FSC claims that it cannot be liable for cybersquatting because "[t]he selection of the FIZZ-formative domain names and social media handles is not indicative of any bad faith Internet land grab." ECF No. 46 at 3. However, FSC ignores that Fizz now pleads that a member of its own Board of Directors admitted "that FSC was fully aware of Fizz's prior use of the Mark at the time that [it] sought to rebrand as Fizz." Compl. ¶ 28. However, "[d]espite that knowledge…FSC decided to rebrand from BUZZ to Fizz 'anyway.'" This is precisely the sort of bad faith that is required under the ACPA. In *Kaplan, Inc. v. Yun*, which FSC cites, plaintiff's cybersquatting claim was dismissed because the only allegation of bad faith was the conclusory statement that defendant registered a "confusingly similar" domain name "with the bad faith intent to profit" and "with full knowledge of Plaintiffs' exclusive rights." 16 F.Supp.3d 341, 350-51 (S.D.N.Y. 2014) (quoting complaint). No detail as to any basis for that bad faith intent or full knowledge was offered, unlike here, which FSC ignores.[1] Similarly, in *Lewittes v. Cohen*, also cited by FSC, defendant registered the domain name "www.lewittes.com" when her "last name was 'Lewittes.'" No. 03-cv-189 (CSH), 2004 WL 1171261, at *7 (S.D.N.Y. May 26, 2004). Such a circumstance obviously fails to evince the kind of bad faith evident in this case.

IV.   The Complaint Adequately Pleads the State Law Claims

As explained above, Fizz adequately pleads its common law claims for unfair competition and unjust enrichment; the parties agree that they are based Fizz's federal trademark infringement claim. ECF No. 46 at 3. As FSC puts it, "New York unfair competition claims rise or fall with the Lanham Act." *Id*. (*quoting Int'l Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 53 (2d Cir. 2022)). Here, Fizz's Lanham Act claims should proceed to discovery; the same is true of its unfair competition claim. In addition, Fizz's unjust enrichment claim should proceed to discovery for the same reason.

---

[1] *Kaplan* is also instructive with respect to Fizz's trademark infringement claim, as Judge Koeltl found that "[t]he Court cannot dismiss these allegations [of likelihood of confusion] on a motion to dismiss." 16 F.Supp. at 349-350. So too here.

June 23, 2025
Page 4

                                          Respectfully Submitted,

                                          _/s/ *Amanda H. Freyre*_
                                          Amanda H. Freyre
                                          Partner

cc: All counsel of record