UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHOULDERTAP TECHNOLOGIES, INC.,

                      Plaintiff,

-v-                                        CIVIL ACTION NO.: 25 Civ. 1487 (ALC) (SLC)

**ORDER**

FIZZ SOCIAL CORP.,

                      Defendant.

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court are (1) the request of Plaintiff ShoulderTap Technologies, Inc. ("ShoulderTap") for an initial case management conference pursuant to Federal Rules of Civil Procedure 16 and 26 (ECF No. 52 ("ShoulderTap's Request"); and (2) the request of Defendant Fizz Social Corp. ("FSC") for a stay of discovery while its motion to dismiss (ECF No. 49 (the "MTD")) is pending before the Honorable Andrew L. Carter, Jr.  (ECF No. 53 ("FSC's Request")). Judge Carter has referred ShoulderTap's Request and FSC's Request, as well as general pretrial supervision, to the undersigned.  (ECF No. 54).

Pursuant to the telephonic conference held yesterday, August 13, 2025 (the "Conference"), the Court orders as follows:

1. Defendant's Motion to Stay (ECF No. 53) is DENIED.  "[U]pon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c)."  O'Sullivan v. Deutsche Bank AG, No. 17 Civ. 8709 (LTS) (GWG), 2018 WL 1989585, at *3 (S.D.N.Y. Apr. 26, 2018).[1]  FSC bears the burden of showing that good

---

[1] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

cause for a stay exists.  Hertz Glob. Holdings, Inc. v. Nat. Union Fire Ins. Co. of Pittsburgh, No. 19 Civ. 6957 (AJN), 2020 WL 6642188, at *1 (S.D.N.Y. Nov. 12, 2020). In a case, such as this, not governed by the Private Securities Litigation Reform Act, a motion to dismiss does not automatically stay discovery.  See The Nielsen Co (US) LLC v. TVSquared Ltd., No. 23 Civ. 1581 (VSB), 2023 WL 4363005, at *1 (S.D.N.Y. July 6, 2023).  Where a motion to dismiss is pending, "courts typically consider several factors in determining whether to stay discovery; including: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay."  Alapaha View Ltd. v. Prodigy Network, LLC, No. 20 Civ.7572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021).

The Court finds that FSC has not established good cause for a stay of discovery here. First, without predicting Judge Carter's ruling on the MTD, we cannot say at this stage that the FAC "is facially without merit" or that ShoulderTap has not cited relevant authority in opposition to the MTD.  Nielsen, 2023 WL 4363005, at *1.  At a minimum, ShoulderTap has plausibly alleged that (i) its trademark has priority; (ii) FSC markets its products "to the same consumers, college students, using the same advertising channels, and the same exact name"; (iii) in the last year, nearly a dozen instances of confusion about the parties' marks in the marketplace; and (iv) harm to ShoulderTap's reputation as a result of that confusion.  (ECF No. 44 ¶¶ 1, 9–22, 34–41).  At this stage, we therefore cannot say that ShoulderTap's claims do not "sound in law and reason." Nielsen, 2023 WL 4363005, at *2.

Second, FSC has not shown that discovery would be unduly burdensome.  FSC largely "relies on broad, conclusory complaints" that ShoulderTap's discovery requests will be overly broad. Id. at *2. (See ECF Nos. 53 at 3; 58 at 2).  As discussed during the Conference, the Court is required to, and will, supervise discovery to minimize the burden on the parties, particularly while the MTD is pending.  To the extent that FSC believes ShoulderTap's requests are overly broad, its first remedy is to meet and confer with ShoulderTap to narrow the requests, and if unsuccessful, to request a conference with the Court pursuant to Local Rule 37.2  The Court also emphasized during the Conference that the parties are to focus on document discovery in the first instance; if and when the parties substantially complete document production and the MTD remains pending, we can revisit whether a pause makes sense to minimize the burden and expense on the parties.  For now, however, FSC's complaints of an undue burden are conclusory and premature.

Third, we find that ShoulderTap would be prejudiced by a stay.  While it is true that the action has been pending for over a year, during a substantial part of that time, the action was stayed during the pendency of the motion to transfer, which FSC filed within a few weeks of the commencement of the action, before any answer or motion to dismiss and thus before any case management conference could have been held in the Eastern District of Pennsylvania.  (ECF Nos. 7; 9; 14; 18).  Shortly after the action arrived in this District, FSC moved to dismiss, in response to which ShoulderTap filed the FAC, and FSC filed the MTD. (ECF Nos. 19; 35; 40; 44; 49).  Given the parties' focus on venue and the pleadings, it is not surprising that ShoulderTap had not yet

3

requested an initial case management conference. Further, as noted above, ShoulderTap has alleged that many instances of confusion occurred since it filed this action, giving rise to an increased likelihood of damage to its commercial reputation if this action does not move forward. See Nielsen, 2023 WL 4363005, at *2. For these reasons, the Court concludes that FSC has not made a strong showing of good cause for a stay of discovery.

2. An initial case management conference in accordance with Fed. R. Civ. P. 16 is scheduled for **Tuesday, September 16, 2025 at 4:00 p.m.** EST on the Court's conference line. The parties are directed to call 1-855-244-8681; access code 2308 226 4654 at the scheduled time must be prepared to discuss the subjects set forth in Fed. R. Civ. P. 16(b) and (c).

3. Counsel shall meet and confer in accordance with Fed. R. Civ. P. 26(f) and by **Wednesday, September 10, 2025**, file a Report of Rule 26(f) Meeting and Proposed Case Management Plan, via ECF, signed by counsel for each party. A template is available at https://www.nysd.uscourts.gov/hon-sarah-l-cave. To the extent the parties disagree about any portion of the Proposed Case Management Plan, they may set forth their respective proposals for the disputed provision, without argument.

The Clerk of the Court is respectfully directed to close ECF Nos. 52 and 53.

Dated:   New York, New York
         August 14, 2025

SO ORDERED.

*Sarah L. Cave*

_____
**SARAH L. CAVE**
**United States Magistrate Judge**